## NEGLIGENCE IN DRAWING A DRAFT.

### Common Pleas Court of Hamilton County.

### AMY R. CAMPBELL v. THE SECOND NATIONAL BANK OF VINCENNES.*

### Decided, April 26, 1913.

*Banks and Banking—"Raised" Check Cashed in Good Faith—Negligence Charged in the Manner in Which it was Drawn—Rule of Morality.*

Where two rules of law fit a given state of facts evidenced by the findings of a jury, the rule which smacks of morality obtains, unless clearly forbidden by constitutional or statute law.

*Charles W. Baker*, for plaintiff.
*Charles B. Wilby*, for defendant.

DICKSON, J.

The plaintiff claims that she, in good faith, in due course of business, and for a valuable consideration, cashed a forged bank check, one raised from three ($3) dollars to three hundred and sixty ($360) dollars; that the defendant, a bank, issued it and was negligent in its making, that because of this negligence she was damaged and asked a verdict for three hundred and sixty dollars and interest. The jury found for the plaintiff in the amount claimed, because as evidenced by its special verdicts, the bank was negligent because it stamped its check with a protectograph, not over five hundred dollars ($500), instead of not over five dollars ($5).

Each side asks judgment.

In such an instance do the ordinary rules of negligence apply? If not, what rule does apply?

Negligence implies a fault, a lack of reasonable care. Such a fault to be the cause of an injury, of a loss, must be the

---

*Affirmed, *Second National Bank* v. *Campbell*. 21 C.C.(N.S.), ——; motion for an order directing the Court of Appeals to certify its record overruled by the Supreme Court February 9, 1915.

proximate cause of that loss, *i. e.*, such a fault as without which the loss would not be. Was the fault, the misuse of the protectograph, the proximate cause? If this mistake had not been made, would there have been this loss to the plaintiff? The jury's expression of this fault excludes by implication other faults, *i. e.*, the defendant was not negligent in the making of the other parts of the check, *i. e.*, if the check had not been skillfully raised the misuse of the protectograph would not have deceived the plaintiff. The bank was not to blame for the skillful raising of the check. Hence the conclusion is irresistible that the misuse of the protectograph was not the proximate cause, and usually a judgment for the defendant would necessarily follow.

But the defendant was not obliged to use the protectograph, a device used to guard against forgery, but it did use it, and used, it became an integral part of the whole check, as much a part, if not more so, as any other part of the check, and the jury has said that the misuse of this device caused the loss.

Law and morality do not always go hand in hand. If morality and the law conflict beyond reconciliation the law will prevail—*vide*—often the statutes of limitation, the statutes of fraud, and the Constitutions and statutes pertaining to crimes. If morality call in question two rules of law, that which smacks of morality will prevail.

If the misuse of the protectograph were not *the* proximate cause of plaintiff's loss, it was a cause, and on the side of morality we have a rule of law, of rank, equal to the rules of negligence—if one of two innocent persons must suffer, that one who put it in the power of another to cause the suffering must lose.

The court will not disturb the verdict because of the evidence.

The motion for a new trial will be overruled, and a judgment for the defendant will be denied, and a judgment for the plaintiff on the verdict will be given.